**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **RBL TEX MEX LOUNGE, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. 7:17-CV-00336** |
| **SCOTTSDALE INSURANCE** | § | **JURY** |
| **COMPANY and RAQUEL TREVINO** | § | |
| **Defendants.** | § | |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Scottsdale Insurance Company ("SCOTTSDALE") files this Notice of Removal from the state court action pending against it— Cause No. CL-17-2467-B, *RBL Tex Mex Lounge, Inc. v. Scottsdale Insurance Company and Raquel Trevino;* In the Hidalgo County Court at Law No. 2, Hidalgo County, Texas—to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship, and amount in controversy and respectfully shows:

1.      This is a civil action.  Plaintiff's Original Petition was filed in state court on or about June 12, 2016, under CL-17-2467-B,  *RBL Tex Mex Lounge, Inc. v. Scottsdale Insurance Company and Raquel Trevino;* In the Hidalgo County Court at Law No. 2, Hidalgo County, Texas.  Plaintiff served Defendant, via the Texas Insurance Commissioner, with Plaintiff's Original Petition on or about August 8, 2017.  Defendant filed its answer on or about September 5, 2017. Defendant Raquel Trevino has not been served with citation as of the date of the filing of this removal.

2.      This suit involves a claim for policy benefits under a policy issued to RBL Tex Mex Lounge, Inc. by SCOTTSDALE.

3.      SCOTTSDALE files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4.      The amount in controversy exceeds $75,000 as Plaintiff's lawsuit alleges economic damages in excess of $100,000.

5.      Defendant Raquel Trevino, formerly a Scottsdale employee, has not been served in this lawsuit.  Trevino was improperly joined in this action to defeat diversity jurisdiction.  The consent of an improperly joined defendant is not necessary for removal.

6.      Thus, by virtue of diversity of citizenship, and amount in controversy, the United States District Courts have original jurisdiction over this case.

7.      Simultaneously with the filing of this notice of removal, SCOTTSDALE is filing copies of the all pleadings, orders and other filings in the state court.  *See* Exhibit A.  A certified copy of the docket sheet has been ordered and will be filed immediately upon receipt thereof. SCOTTSDALE is also filing, as required by Local Rule CV-81, an index and a list of parties and counsel.  *See* Exhibits A and B.

8.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action is pending is located in this district.

9.      Plaintiff made a jury demand in state court.

## II.      BASIS FOR REMOVAL

10.     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.** **The Proper Parties Are Diverse**

11.     Upon information and belief, and as pled in Plaintiff's Original Petition, Plaintiff is, and was at the time the lawsuit was filed, a natural person domiciled in Texas. *See* Plaintiff's Original Petition, p. 1.

12.     Both at the time the lawsuit was filed, and at the time of removal, SCOTTSDALE was and remains an insurer organized and existing under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona.

13.     Defendant Raquel Trevino was, at the time giving rise to the claim at issue in this lawsuit—an employee of Scottsdale.  Trevino, an individual, had a last known address to Scottsdale in Avondale, Arizona.  Scottsdale believes that Plaintiff incorrectly identified Trevino as being domiciled in the State of Texas and as a citizen of the State of Texas.  But with respect to the claims against Trevino, SCOTTSDALE contends that she has been improperly joined in this action for the reasons set forth below. Therefore, Trevino's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

**B.** **Improper Joinder Standards**

14.     This Court should rule that Trevino has been improperly joined solely to defeat diversity.  A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd*., 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  To determine "whether the complaint states a claim under state law against the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

2813889v1
04805.336

15.     The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: not Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted).   This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b).   *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc*., No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).   When these principles are applied, it is evident that Trevino has been joined solely to defeat diversity jurisdiction.

**C.      Plaintiff's Original Petition Carries Clear "Badges" of Improper Joinder**

16.     Texas federal courts have recognized the overwhelmingly "popular tactic" of naming Texas based insurance adjusters in suits against insurance companies.   *Gonzalez v. State Farm Lloyds*, No. 4:15-CV-305-A, 2015 WL 3408106, at *1 (N.D. Tex. May 27, 2015) (McBryde, J.); *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-cv-0089, 2016 WL 367115 (S.D. Tex. July 11, 2016).   As a result, those courts have identified "badges of improper joinder" that provide strong inferences that the petition at issue was purposefully designed to defeat federal jurisdiction.   *Plascencia v. State Farm Lloyds*, No. 4:14-cv-524-A, 2014 WL 11474841, *6 (N.D. Tex. Sept. 25, 2014) (McBryde, J.).

17.     The first "badge" is the use of "a standard form petition developed for use in similar cases which appears 'purposefully designed to defeat federal court jurisdiction.'"   *Id.* at *6, *citing Dougherty v. State Farm Lloyds*, No. 4:01-cv-611-A, 2001 WL 1041817 (N.D. Tex. Aug. 30, 2001); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (E.D. Tex. Jan. 21, 2014).   This is the case with Plaintiff's Original Petition which includes similar allegations

rejected by Judge Fitzwater in the Northern District and Judge Miller in the Southern District. *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-cv-1087-D, 2015 WL 5098047 (N.D. Tex. Aug. 31, 2015); *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyds London, et al*, No. 4:16-cv-00234 (S.D. Tex. Aug. 26, 2016).  And while Judge Lynn has ruled otherwise on the same allegations,[1] it does not change the fact that absolutely no effort has been made to actually identify specific facts that could subject Trevino to personal liability.  The facts alleged in each of those three cases are substantially similar regardless of the time of the claim, location where it occurred, or even the insurance company that issued the particular policy.  As a result, the boilerplate pleadings provide a "strong suggestion" that Plaintiff's counsel has set upon a deliberate course of trying to avoid federal court.  *Plascencia* at *6.

18.    The second badge is "the absence of any plausible reason for suing the Texas citizen other than to defeat diversity jurisdiction."  *Id*. at *7, *citing Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802 at *5 (S.D. Tex. Mar. 25, 2010).  Just as in the *Plascencia* case, there is no plausible reason why Trevino would have been joined in this case other than to defeat diversity.  SCOTTSDALE is certainly solvent and there is no question of its ability to fund a judgment.  *Id*.  Likewise, Plaintiff does not allege any type of act or statement apart from those performed in the course of Trevino's employment with SCOTTSDALE.  While these factors may not be outcome determinative, their combination should cast serious doubts about whether Plaintiff and its counsel are "serious in the assertion of claims they purport to be asserting against" Trevino.

---

[1] *Manziel, et al v. Seneca Ins. Co., et al*. No. 3:15-cv-03786-M, 2016 WL 3745686 (N.D. Tex. July 13, 2016).

2813889v1
04805.336

**D.      Plaintiff Does Not Allege Actionable Claims Against Trevino**

19.      Even were the Court to disregard the evident badges of improper joinder, Plaintiff has still failed to state actionable claims against Trevino.  Several courts have already ruled that many of the commonly asserted causes of action against insurance adjusters are actually not actionable.  Significantly, Trevino was a Claim Representative for Scottsdale and was not the field adjuster who physically inspected Plaintiff's Property as Plaintiff incorrectly or fraudulently alleges in its Petition.  Plaintiff alleges, *inter alia*:

> 11.      RAQUEL TREVINO the individual adjuster assigned on the claim, conducted a substandard investigation and inspection of the property, and prepared correspondence denying the claim based on the outcome-oriented investigation that she conducted.
>
> 12.      RAQUEL TREVINO's unreasonable and outcome-oriented investigation led to the underpayment of Plaintiff's claim.

20.      Even if the Court were to assume that Trevino was the field adjuster, which she was not, the allegations do not provide the Court with any reasonable likelihood of the possibility of recovery against Trevino, individually, on the claims pleaded.  Specifically, Trevino, as a Scottsdale employee at the time, committed no acts which would be distinguishable from those of her employer, SCOTTSDALE.  *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)). As these claims are not actionable against Trevino, they do not provide a basis to predict recovery against him.

**E.      Plaintiff's Fraud and Misrepresentation Claims Do Not Comply With Rule 9(b).**

21.      As for Plaintiff's remaining causes of action, while Trevino can theoretically face liability for fraudulent misrepresentations (and those defined by Insurance Code §541.061(1)-(3)), Plaintiff has not alleged any actionable facts that would support those claims.  Notably, these claims must not only be reviewed under federal pleading standards, they must also meet the heightened scrutiny of Rule 9(b).  *E.g., Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, 3:15-CV-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998).  The Fifth Circuit has been clear that:

> With regard to misrepresentation claims, "Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and he obtained thereby.

*Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015).  "In other words, a plaintiff must plead the 'who, what, when, where, and how' of the fraud."  *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-cv-0089, 2016 WL 3671115 (S.D. Tex. July 11, 2016), *quoting Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

22.      In this case, Plaintiff has not specified who allegedly made a misrepresentation, when that misrepresentation was made, or what facts were misrepresented.  Indeed, the only sentence even mentioning the word "misrepresentation" states:

**C.    Bad Faith/DTPA (SCOTTSDALE INSURANCE COMPANY and RAQUEL TREVINO)**

18.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.    Defendants violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

20.    Defendants violated § 541.060 by:

(1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

Plaintiff's Original Petition at Section C. These allegations are simply conclusions which also fail to allege any reliance by Plaintiff on the non-specific statements, which is a requisite of the claim. *Hellstern v. Hartford Fire Ins. Co*., No. 3:14-CV-0993-P, 2015 WL 11120978, at *4 (N.D. Tex. June 23, 2015) ("[A] plaintiff must prove the defendant's misrepresentation caused plaintiffs injuries, and it relied on the defendant's misrepresentations to its detriment.") (internal citations omitted).

23.    Several other courts have found virtually identical misrepresentation allegations to be insufficient to state a cause of action against an insurance adjuster. *Mainali Corp*., 2015 WL 5098047; *Mt. Olive Missionary Baptist Church*, at page 8.  As explained by the Court, "[Plaintiff] has only pleaded a theoretical possibility that [Trevino] could be held liable under these subsections. *Id.* at *5. Because these claims fail to state an actual claim against Trevino, the Court should that she has been improperly joined.

## IV.    CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are fully incorporated by reference, Defendant Scottsdale Insurance Company hereby removes this case to this court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

_s/ Christene Wood_

**D. Christene Wood**
Attorney-In-Charge
State Bar No.:  24042188
S.D. No. 38044
cwood@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone (713) 403-8210
Telecopy (713) 403-8299

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 6th day of September 2017, a true and correct copy of the foregoing document was delivered to all counsel of record, via the Court's ECF notification system, in accordance with the Texas Rules of Civil Procedure:

Doug Pennebaker
PENNEBAKER LAW FIRM
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
**_Attorneys for Plaintiff_**

_s/D. Christene Wood_

D. Christene Wood

**DEFENDANT'S NOTICE OF REMOVAL – PAGE 9**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **RBL TEX MEX LOUNGE, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **SCOTTSDALE INSURANCE** | § | **JURY** |
| **COMPANY and RAQUEL TREVINO** | § | |
| **Defendants.** | § | |
| | § | |

## INDEX

Exhibit A:     Index of matters filed with attached State Court Clerk's file including processes, pleadings and orders served in State Court case

Exhibit B:     List of parties and counsel

A certified copy of the docket sheet has been ordered and will be filed immediately upon receipt thereof.