Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back
Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. CL-17-2467-B

| | | |
|---|---|---|
| RBL TEX MEX LOUNGE, INC. VS. Scottsdale Insurance Company, RAQUEL TREVINO | § § § § § | Case Type: Contract - Consumer/Commercial/Debt (OCA)<br>Date Filed: 06/12/2017<br>Location: County Court at Law #2 |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Scottsdale Insurance Company | |
| Defendant | TREVINO, RAQUEL | |
| Plaintiff | RBL TEX MEX LOUNGE, INC. | DOUGLAS E. PENNEBAKER<br>*Retained*<br>210-562-2888(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/12/2017 | Original Petition (OCA)<br>*Petition* |
| 06/13/2017 | Citation Issued<br>*RAQUEL TREVINO/CERT. MAIL 92693901066154000108166470* |
| 06/13/2017 | Citation Issued<br>*SCOTTSDALE INS. CO/ MAILED TO SETS -CERT. MAIL 92693901066154000108166326* |
| 06/19/2017 | Service Returned - Served<br>*SCOTTSDALE INS. CO -THE COMMISSIONER OF INS. SERVED ON 6-19-17* |
| 08/04/2017 | Other<br>*Letter to Pennebaker Law Firm returning documents for nonpayment on Scottsdale Insurance Company* |
| 08/23/2017 | Service Returned - Unserved<br>*RAQUEL TREVINO/UNCLAIMED* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** RBL TEX MEX LOUNGE, INC. | | | |
| Total Financial Assessment | | | 638.00 |
| Total Payments and Credits | | | 638.00 |
| **Balance Due as of 09/05/2017** | | | **0.00** |
| | | | |
| 06/12/2017 | Transaction Assessment | | 638.00 |
| 06/12/2017 | EFile Payments from TexFile | Receipt # 2017-027003 | RBL TEX MEX LOUNGE, INC. | (638.00) |



# TEXAS DEPARTMENT OF INSURANCE

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

Clm #01662187

August 11, 2017

**Certified Mail No. 7017 0530 0000 6601 4756**
**Return Receipt Requested**

Scottsdale Insurance Company
ATTN: R. Lindsey McCutchan
Vice-Pres.-Legal & Asst. Secretary
8877 N. Gainey Center Drive
Scottsdale, AZ 85258

RE: Cause No.: CL-17-2467-B; styled *RBL Tex Mex Lounge, Inc. vs. Scottsdale Insurance Company and Raquel Trevino;* in the County Court at Law #2, Hidalgo County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citations and Plaintiff's Original Petition, First Set of Interrogatories, Requests for Production and Requests for Disclosure in the above-referenced matter. The documents were served upon the Commissioner of Insurance on August 8, 2017.

Sincerely,

Tish Wilhelm

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

Exhibit A

DOCKET NO. CL-17-2467-B

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:   SCOTTSDALE INSURANCE COMPANY
      THE COMMISSIONER OF INSURANCE
      TEXAS DEPARTMENT OF INSURANCE
      333 GUADALUPE STREET
      AUSTIN TX 78701 *WHO SHALL THEN SERVE*
      SCOTTSDALE INSURANCE COMPANY
      C/O CORPORATION SERVICE CO., D/B/A CSC-LAWYERS INCORPORATION SERVICE COMPANY
      211 EAST 7TH ST., SUITE 620
      AUSTIN TEXAS 78701-3218

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #2 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 12th day of June, 2017 in this Cause Numbered CL-17-2467-B on the docket of said Court, and styled,

**RBL TEX MEX LOUNGE, INC.**
vs.
**SCOTTSDALE INSURANCE COMPANY; RAQUEL TREVINO**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
      DOUGLAS E. PENNEBAKER
      PENNEBAKER LAW FIRM
      1045 CHEEVER BLVD SUITE 103
      SAN ANTONIO TX 78217

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 13th day of June, 2017.



ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #2

BY _____ DEPUTY
      ALMA NAVARRO

Exhibit A

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
      Came to hand on the _____ day of _____ , 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

      Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
      CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
      Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____      By: _____
      CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 201_____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CAUSE NO.** <u>**CL-17-2467-B**</u>

| | | |
|---|---|---|
| RBL TEX MEX LOUNGE, INC. | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NUMBER 2 |
| | § | |
| SCOTTSDALE | § | |
| INSURANCE COMPANY and | § | |
| RAQUEL TREVINO | § | HIDALGO COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**RBL TEX MEX LOUNGE, INC.**, Plaintiff herein, files this Original Petition against Defendants **SCOTTSDALE INSURANCE COMPANY** and **RAQUEL TREVINO** and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

**I.**
**THE PARTIES**

1. Plaintiff is a Texas resident who resides and conducts business in HIDALGO County, Texas. Said property is located at: <u>2017 W. Owassa Rd., Edinburg, Texas 78539</u>.

2. **SCOTTSDALE INSURANCE COMPANY** is a surplus lines foreign corporation, authorized to engage in the insurance business in the State of Texas, and who issued policy number CPS2124218 to Plaintiff. **SCOTTSDALE INSURANCE COMPANY** may be served by serving the **Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701** who shall then serve *Scottsdale Insurance Company, c/o Corporation Service Co., d/b/a CSC – Lawyers Incorporation Service Company, 211 East 7th St., Suite 620, Austin, Texas 78701-3218.* Service by certified mail, return receipt requested is requested at this time. **Two (2) citations should be issued and BOTH should include the name "SCOTTSDALE INSURANCE COMPANY".**

1

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

3.     **RAQUEL TREVINO** is an adjuster adjusting claims for properties located in the State of Texas and who participated in adjusting this Plaintiff's insurance claim. Raquel Trevino may may be served via certified mail at **9903 Nationwide Dr., # 204, San Antonio, Texas 78251. Service by Certified Mail – Return Receipt Requested is hereby requested.**

## II. <u>DISCOVERY</u>

4.     This case is intended to be governed by Discovery Level 3.

## III.
## <u>CLAIM FOR RELIEF</u>

5.     The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV. <u>JURISDICTION AND VENUE</u>

6.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

7.     Venue is proper in HIDALGO County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.  The policy of insurance Plaintiff had with Scottsdale Insurance Company contains an endorsement stating as follows:

SCOTTSDALE INSURANCE COMPANY®

ENDORSEMENT NO.

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| CPS2124218 | 11/26/2014 | R.B.L. TEX MEX LOUNGE LLC | 42023 |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**SERVICE OF SUIT CLAUSE**

It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give the Court jurisdiction. All matters which arise will be determined in accordance with the law and practice of the Court. In a suit instituted against any one of them under this contract, the Company agrees to abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

Pursuant to any statute of any state, territory or district of the United States of America which makes a provision, the Company will designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the Insured (or reinsured) or any beneficiary arising out of this contract of insurance (or reinsurance).

The officer named below is authorized and directed to accept service of process on behalf of the Company:

COMMISSIONER OF INSURANCE

PO BOX 149104

AUSTIN, TX 78714-9104

Having accepted service of process on behalf of the Company, the officer is authorized to mail the process or a true copy to:

CORPORATION SERVICE CO. DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 EAST 7TH STREET, SUITE 620

AUSTIN, TX 78701-3218

... **"at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America, and will comply with all requirements necessary to give the court jurisdiction."  The plaintiff is exercising his right to file suit in the County Court system of Hidalgo County, Texas. Therefore, pursuant to Scottsdale's own Endorsement, Scottsdale is required to submit to the jurisdiction of the assigned County Court.**

3

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

## V.
## FACTUAL BACKGROUND

8.    Plaintiff is a named insured under a commercial property insurance policy issued by SCOTTSDALE INSURANCE COMPANY.

9.    On or about MARCH 26, 2016, a storm hit the HIDALGO County area, damaging Plaintiff's commercial property.   Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.    Defendants improperly denied the claim.

11.    RAQUEL TREVINO the individual adjuster assigned on the claim, conducted a substandard investigation and inspection of the property, and prepared correspondence denying the claim based on the outcome-oriented investigation that she conducted.

12.    RAQUEL TREVINO's unreasonable and outcome-oriented investigation led to the underpayment of Plaintiff's claim.

13.    Moreover, SCOTTSDALE INSURANCE COMPANY and RAQUEL TREVINO performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI. CAUSES OF ACTION

14.    Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract (SCOTTSDALE INSURANCE COMPANY Only)**

15.    SCOTTSDALE INSURANCE COMPANY had a contract of insurance with Plaintiff.   In order to protect the 8200 square-foot commercial property from common perils such as wind and hail storms, the Plaintiff policyholder purchased a comprehensive commercial policy requiring payment of yearly premiums in the amount of $15,280.15. The policyholder complied with the duty

4

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

to timely pay a substantial premium, and therefore, should have property damage coverage limits up to $1,400,000. SCOTTSDALE INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute (SCOTTSDALE INSURANCE COMPANY Only)**

16.     The failure of SCOTTSDALE INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA (SCOTTSDALE INSURANCE COMPANY and RAQUEL TREVINO)**

18.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to

5

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

Plaintiff or submit a reservation of rights to Plaintiff; and

      (5)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.     Defendants violated § 541.061 by:

      (1)      making an untrue statement of material fact;

      (2)      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

      (3)      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      (4)      making a material misstatement of law; and

      (5)      failing to disclose a matter required by law to be disclosed.

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.     Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

      (1)      Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

      (2)      SCOTTSDALE INSURANCE COMPANY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

      (3)      SCOTTSDALE INSURANCE COMPANY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, such as for repairs to the structure, interior architectural finishes, finish out, improvements and betterments,

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

business income and other extra expenses associated with damage caused by a wind/hail storm,

engaged in an unconscionable action or course of action as prohibited by the DTPA §

17.50(a)(1)(3) in that SCOTTSDALE INSURANCE COMPANY took advantage of Plaintiff's

lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted

in a gross disparity between the consideration paid in the transaction and the value received, in

violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of.  As such, Plaintiff is

entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code §

541.152(a)-(b).

**Consequently, SCOTTSDALE INSURANCE COMPANY breached the terms of the**

**contract** when it denied the claim based on a pretextual basis.

**D.      Actionable Conduct of Adjuster (RAQUEL TREVINO)**

25.     With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made

specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061

and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the

covered wind/hail peril.  Said Defendant adjuster also misrepresented the true cost of repairing all of

the damages caused by the storm, such as damages to the structure, interior architectural finishes,

finish out, improvements and betterments, business income and other extra expenses associated with

damage caused by a wind/hail storm.  Ms. Treviño coordinated an outcome-oriented investigation

designed to avoid coverage. Specifically, she retained biased experts to reach insurance oriented

conclusions that served as a pre-textual basis for denying the claim in its entirety.  See *State Farm*

*Lloyds v. Nicolau* case, where the Texas Supreme Court affirmed the jury's findings that the insurer's

engineering reports were not objective, that the insurer was aware of the lack of objectivity, and that its

reliance on reports was merely pretextual. 951 S.W.2d 444, 448 (Tex. 1997). It is Plaintiff's position that

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

the facts surrounding your insured's claim are strikingly similar to those in the *Nicolau* case and Plaintiff

intends intend to take any and all measures necessary to fully develop evidence of SCOTTSDALE

INSURANCE COMPANY's malfeasance and omissions. The engineer clearly ignored salient facts in

order to reach his decision that is, of course, beneficial to SCOTTSDALE INSURANCE COMPANY.

In addition to purposefully "knowingly" coordinating an outcome-oriented investigation designed to

avoid coverage obligations, Treviño made specific actionable misrepresentations that the building

did not sustain any storm damage, despite the fact that the policyholders' representatives specifically

pointed out storm damage. As a direct result of her misrepresentations, Scottsdale denied the claim

in its entirety leaving the premium paying policyholder with zero insurance benefits needed to make

proper repairs.  Ultimately, in an effort to avoid protracted litigation, the policyholder exercised his

right to demand Appraisal on March 23, 2017, naming Jack Alaniz as it's appraiser.   In response,

Treviño made yet another misrepresentation that the Appraisal provision was not available even

though the Scottsdale policy clearly states that either party to the insurance contract has the right to

demand Appraisal. This misrepresented the rights available to the policyholder under the insurance

contract, and is in direct violation of the Texas Insurance Code. Even after Treviño and Scottsdale

successfully coordinated a biased investigation, and improperly denied coverage, Treviño had no

right to reject the policyholders request for Appraisal for purposes of determining the amount of the

loss associated with the MARCH 26, 2016 storm.  This is evident because Scottsdale's own adhesion

contract contains an Appraisal clause that states "if there is an Appraisal, we [Scottsdale] will still

retain our right to deny the claim." Therefore, Scottsdale's own policy makes it clear that, even if

there are coverage issues, Appraisal is a contractual right available to both parties to determine the

amount of loss, and the decision by the Appraisal panel is binding on the policyholder and

Scottsdale.  The misrepresentations by Treviño regarding the policyholder's rights under the policy

have created unnecessary delays and further expense to be incurred by the plaintiff.  Consequently,

8

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

SCOTTSDALE INSURANCE COMPANY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and improperly denied covered damages. These actions on the part of this named adjuster resulted in denial of Plaintiff's claim, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

Adjuster, Raquel Trevino, violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

Further, Raquel Trevino violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

9

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

In addition, Defendant, Raquel Trevino, violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

**E.     Attorneys' Fees**

26.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

28.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. **CONDITIONS PRECEDENT**

29.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. **DEMAND FOR JURY**

30.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. **DISCOVERY REQUESTS**

31.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

32.     You are also requested to respond to the attached interrogatories, requests for production and requests for disclosures within fifty (50) days, in accordance with the instructions stated therein.

## X.
## **MOTION TO COMPEL MEDIATION**
## **PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE**

Plaintiff(s) are seeking relief pursuant to §541 and §542 of the Insurance Code.  Therefore, pursuant to S 541.161, the Plaintiff(s) files this Motion to Compel Mediation.  Section 541.161 specifically states that the Court shall, not later than the 30th day after the motion is filed, sign an Order setting the time and place of the mediation.  The Court shall appoint a mediator if the parties do not agree.  The mediation must be held not later than the 30th day after the Order is signed.

11

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing

of the case, Plaintiff recover all damages from and against Defendants that may reasonably be

established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees

through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

other and further relief, general or special, at law or in equity, to which Plaintiff may show herself

to be justly entitled.


Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:      (210) 562-2888
Telecopier:      (210) 562-2880


By: _____
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
        Lead counsel:  Doug@pennebakerlaw.com
        WILLIE MCALLEN
        State Bar No. 24047468

ATTORNEYS FOR PLAINTIFF

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,**
**REQUESTS FOR PRODUCTION AND REQUESTS FOR DISCLOSURES**

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Disclosures separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Disclosures on Plaintiff by and through his/her attorneys of record, Douglas E. Pennebaker, Pennebaker Law Firm, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Pennebaker Law Firm. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.  You know the response made was incorrect or incomplete when made; or

b.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.  These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.  If you claim that any document which is required to be identified or produced by you in any response is privileged:

1.  Identify the document's title and general subject matter;

13

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

    2. State its date;

    3. Identify all persons who participated in its preparation;

    4. Identify the persons for whom it was prepared or to whom it was sent;

    5. State the nature of the privilege claimed; and

    6. State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

    1. His or her name;

    2. His or her last known business and residence address and telephone number; and

    3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.    "Property" means the property at issue in the lawsuit.

    J.    "Lawsuit" means this lawsuit.

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880

By: _____

DOUGLAS E. PENNEBAKER
State Bar No. 00788178
Lead counsel:  Doug@pennebakerlaw.com
WILLIE MCALLEN
State Bar No. 24047468

ATTORNEYS FOR PLAINTIFF

15

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

## <u>INTERROGATORIES TO DEFENDANT, SCOTTSDALE INSURANCE COMPANY</u>

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    <u>ANSWER:</u>

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    <u>ANSWER:</u>

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    <u>ANSWER:</u>

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    <u>ANSWER:</u>

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    <u>ANSWER:</u>

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    <u>ANSWER:</u>

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    <u>ANSWER:</u>

16

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

16. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

17. State the date Defendant first anticipated litigation.

ANSWER:

18. State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

19. Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the commercial building at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

20. Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

21. Give the name, address and telephone number of all persons making a claim with you for property damage for the same MARCH 26, 2016 as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured commercial property.

ANSWER:

22. List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MARCH 26, 2016 at issue to date.

ANSWER:

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

## REQUESTS FOR PRODUCTION TO DEFENDANT, SCOTTSDALE INSURANCE COMPANY

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the policy at issue for the MARCH 26, 2016 as identified in the Petition; and b.  the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

8. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

9. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

   RESPONSE:

10. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

    RESPONSE:

11. A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

    RESPONSE:

12. All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

    RESPONSE:

13. All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

    RESPONSE:

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

14. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

    RESPONSE:

15. Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

    RESPONSE:

16. All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

    RESPONSE:

17. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

    RESPONSE:

18. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

    RESPONSE:

19. All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

    RESPONSE:

20. Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

    RESPONSE:

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the MARCH 26, 2016 claimed by Plaintiff(s).

RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.     Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.     All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.   A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MARCH 26, 2016 at issue to date.

ANSWER:

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

## <u>INTERROGATORIES TO DEFENDANT RAQUEL TREVINO</u>

1.  Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit.  This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

    <u>RESPONSE:</u>

2.  Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

    <u>RESPONSE:</u>

3.  Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

    <u>RESPONSE:</u>

4.  Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

    <u>RESPONSE:</u>

5.  State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

    <u>RESPONSE:</u>

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

6.    Identify the following dates:

    a.  The date you first obtained an adjuster license in the State of Texas;
    b.  The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
    c.  The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;
    d.  The date you closed your file on the claim made the basis of this Lawsuit; and
    e.  The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

7.    Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:
    a.  The name and job title of any person who inspected the Property with you;
    b.  The date of each inspection;
    c.  The purpose of each inspection;
    d.  The length of time of each inspection;
    e.  The equipment or tools used during each inspection;
    f.  The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
    g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

8.    Following the inspection(s), did You engage in any additional communications (*e.g.,* telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following information:

    a.  the date of such communication(s);
    b.  the manner of such communication(s);
    c.  the person to whom You communicated;
    d.  the reason for the communication(s);
    e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
    f.  the general substance of the communication.

RESPONSE:

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

9.   Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

RESPONSE:

10.   For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

11.   To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

12.   Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

13.   How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

RESPONSE:

14.   Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

15.  Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

     RESPONSE:

16.  Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

     RESPONSE:

17.  To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

     RESPONSE:

18.  Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the storm(s) at issue in this Lawsuit.

     RESPONSE:

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

## REQUESTS FOR PRODUCTION TO DEFENDANT, RAQUEL TREVINO

1.  All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

    RESPONSE:

2.  All licenses or certifications that are identified in response to Interrogatory Number 3.

    RESPONSE:

3.  All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

    RESPONSE:

4.  All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

    RESPONSE:

5.  All resumes for the last five (5) years.

    RESPONSE:

6.  All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

    RESPONSE:

7.  All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

    RESPONSE:

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

8.   To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past two (2) years.

RESPONSE:

9.   To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial owners property claim in the State of Texas for the past two (2) years.

RESPONSE:

10.   All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.   All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.   All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

RESPONSE:

13.   All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

14.   All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

15.   All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

     <u>RESPONSE:</u>

16.   All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

     <u>RESPONSE:</u>

17.   All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

     <u>RESPONSE:</u>

18.   All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

     <u>RESPONSE:</u>

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-2467-B

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a)     the correct names of the parties to the lawsuits;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual basis of Plaintiff's claims;

(d)     the amount and any method of calculating economic damages;

(e)     the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:

    (1)     the expert's name, address and telephone number;

    (2)     the subject matter on which the expert will testify;

    (3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

    (4)     if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

        (A)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)     the expert's current resume and bibliography;

(g)     any indemnity or insuring agreements;

(h)     any settlement agreements, described in Rule 192.3(g);

(i)     any witness statements, described in Rule 192.3(h);

(j)     all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to the Pennebaker Law Firm, a Professional Corporation, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217.

31

Exhibit A

Electronically Submitted
6/12/2017 10:19:11 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-2467-B**

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880

By: _____
    DOUGLAS E. PENNEBAKER
    State Bar No. 00788178
    Lead counsel:  Doug@pennebakerlaw.com
    WILLIE MCALLEN
    State Bar No. 24047468

ATTORNEYS FOR PLAINTIFF

32

Exhibit A

## CIVIL CASE INFORMATION SHEET
### CL-17-2467-B

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED: **RBL TEX MEX LOUNGE, INC. vs. SCOTTSDALE INSURANCE COMPANY AND RAQUEL TREVINO**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Douglas E. Pennebaker<br><br>Address:<br>1045 Cheever Blvd., Suite 103<br><br>City/State/Zip:<br>San Antonio, TX 78217<br><br>Signature: | Email:<br>Doug@pennebakerlaw.com<br><br>Telephone:<br>210-562-2888<br><br>Fax:<br>210-562-2880<br><br>State Bar No:<br>00788178 | Plaintiff(s)/Petitioner(s):<br><br>RBL TEX MEX LOUNGE, INC.<br><br>Defendant(s)/Respondent(s):<br><br>SCOTTSDALE INSURANCE COMPANY AND RAQUEL TREVINO<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>   Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>   List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | | | |
|---|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

Exhibit A

CERTIFIED MAIL®

7017 0530 0000 6601 4756



TEXAS DEPARTMENT OF INSURANCE
333 GUADALUPE ST | AUSTIN TX 78701
PO BOX 149104 | AUSTIN TX 78714-9104

RETURN SERVICE REQUESTED

Scottsdale Insurance Company
ATTN: R. Lindsey McCutchan
Vice-Pres.-Legal & Asst. Secretary
8877 N. Gainey Center Drive
Scottsdale, AZ  85258

Exhibit A

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CAUSE NO. CL-17-2467-B

| | | |
|---|---|---|
| RBL TEX MEX LOUNGE, INC. | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | AT LAW NUMBER 2 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| and RAQUEL TREVINO | § | |
| | § | |
| Defendants. | § | HIDALGO COUNTY, TEXAS |

### DEFENDANT SCOTTSDALE INSURANCE COMPANY'S
### ORIGINAL ANSWER, AFFIRMATIVE DEFENSES,
### SPECIAL EXCEPTIONS, AND VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant") and files this, its amended answer with affirmative defenses, and special exceptions, and would respectfully show as follows:

## I.  ORIGINAL ANSWER

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

## II.  FIRST AFFIRMATIVE DEFENSE
### Failure of Conditions Precedent

2.      Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim.  Defendant also specifically denies that Plaintiff has provided the required written notice under Section 17.505 of the Texas

Exhibit A

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

Business & Commerce Code and/or Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.      Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim.   Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that Plaintiff give Scottsdale "prompt written notice" of the loss at issue.

4.      Plaintiff did not report the loss to Scottsdale until four months after the loss date. Specifically, on or about July 21, 2015, Plaintiff reported a wind/hail loss which reportedly occurred on March 26, 2015.  Scottsdale's investigation of the loss was prejudiced by Plaintiff's late notice in reporting as the passage of time which impeded Scottsdale's ability to inspect same at the time when the damage reportedly occurred or even shortly thereafter.

### III.  SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim

5.      Plaintiff's causes of action are barred, either in whole or in part, because it failed to state a claim upon which relief can be granted.  Specifically, Plaintiff failed to describe how Scottsdale's alleged breach of contract converts Plaintiff's contractual claim into a cause of action against Defendants for alleged violations of the Insurance Code, the DTPA, or bad faith. Plaintiff's petition instead merely recites provisions of the Insurance Code and DTPA and generically alleges that Defendants violated same.  Absent any specific factual allegations of acts or omissions constituting a tort causing independent injury to Plaintiff, the petition does not support a claim upon which relief can be granted.  Plaintiff's asserted extra-contractual claims against Cabrera, individually, and Scottsdale are barred under the independent injury rule as the claims seek damages solely attributable to Scottsdale's alleged contractual breach. Further,

**DEFENDANT'S ORIGINAL ANSWER – PAGE 2**

Exhibit A

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

Plaintiff's alleged misrepresentation claims are without merit as Scottsdale's communications about the claim were with Plaintiff's counsel.  As a result, Plaintiff has failed to plead any actionable misrepresentation-based claims against Scottsdale.

## IV.  THIRD AFFIRMATIVE DEFENSE
### Damage Limitation

6.     Plaintiff's damages, if any, are limited by the amount set forth in the insurance coverage limits of the Policy at issue.

## V.  FOURTH AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"/*Bona Fide* Controversy

7.     As to Plaintiff's claims alleging common law and statutory bad faith against Defendants, a *bona fide* controversy existed and continues to exist concerning the scope and amount of the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the Policy.  Defendants possess the right to investigate questionable claims without facing bad faith liability. Defendants investigated Plaintiff's claim, including retaining an engineer to provide opinions as to causation of damages claimed by Plaintiff.  The Policy excludes damages claimed by Plaintiff and the coverage dispute is a *bona fide* controversy between the Parties. To the extent the Parties also disagree as to the amount of covered damage, a *bona fide* dispute exists barring Plaintiff's extra-contractual claims.

## VI.  FIFTH AFFIRMATIVE DEFENSE
### Punitive Damage Limitation

8.     With respect to Plaintiff's claim for damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practices & Remedies Code §41.002-41.009.

DEFENDANT'S ORIGINAL ANSWER – PAGE 3

Exhibit A

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

## VII.  SIXTH AFFIRMATIVE DEFENSE
### Policy Terms

9.      Defendant pleads the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy as if such were fully set forth herein, *in extenso*.  Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Scottsdale asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

10.     The Policy provides coverage for loss or damage to Plaintiff's property caused by covered perils.  To the extent Plaintiff's claimed damages are caused by unnamed or excluded perils, or were caused outside the applicable coverage period, Plaintiff's claims for same are barred.

## VIII.   SEVENTH AFFIRMATIVE DEFENSE
### Fortuity Doctrine

11.     To the extent that Plaintiff seeks compensation for property damages that pre-existed the date of loss at issue in this lawsuit, Defendant pleads that such damages are barred by the fortuity doctrine which bars known losses or losses in progress.  Under the fortuity doctrine, coverage is precluded where the Plaintiff is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased.  To the extent that Plaintiff seeks amounts from Defendant for damages from settlement, wear, tear and deterioration, pre-existing damages, or lack of maintenance which occurred prior to the inception of the policy, such damages are barred.     For instance, damages caused by lack of maintenance or the failure of repeated attempts at repair such as depicted below, would be excluded under the Policy.

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro



roof/Roof1 - SAM_2593
Date Taken: 7/29/2015
2 types of sealant

## IX.  DEMAND FOR JURY TRIAL

12.     Defendant demands a jury trial in this case.

## X.     SPECIAL EXCEPTIONS

13.     Defendant specially excepts to Plaintiff's Original Petition because it fails to identify facts which support Plaintiff's common law or statutory bad faith claim against Defendant.  Plaintiff has not identified any facts regarding any breach of the duty of good faith and fair dealing by Scottsdale or any damages caused by such breach which are separate and apart from the damages Plaintiff claims pursuant to its alleged contractual breach claim against Scottsdale. Further, Plaintiff named Raquel Trevino, then a Scottsdale employee, individually in this lawsuit. Plaintiff falsely alleges that Trevino was the field adjuster who inspected the Property. Plaintiff has not pleaded sufficient facts which would indicate what, if any,

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

misrepresentations were made to Plaintiff, how Plaintiff relied on same to its detriment, or how any such misrepresentations were the producing cause of any damages to Plaintiff.

14.     Accordingly, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims for alleged breach of contract, bad faith, and alleged violations of the Insurance Code and alleged violations of the Deceptive Trade Practices Act, as well as the maximum alleged damages related thereto.

## XII. VERIFIED PLEA IN ABATEMENT

15.     The Court should abate the lawsuit pursuant to Section 541.154 of the Texas Insurance Code which requires that, as a prerequisite to filing a suit seeking damages under the Texas Insurance Code, the person seeking damages must give written notice to the defendant at least 60 days before filing suit.  The notice must inform the defendant of the specific complaint and the amount of actual damages and expenses, including any attorney's fees, reasonably incurred in asserting the claim against the defendant. TEX. INS. CODE §541.154(b); TEX. BUS. & COMM. CODE § 17.505(a).

16.     Plaintiff commenced this action on June 12, 2017. Plaintiff did not provide Scottsdale with the statutorily required notice prior to commencing this action.

17.     When a plaintiff does not provide pre-suit notice, or if their notice letter is deficient, the proper remedy is abatement.[1]  If the motion to abate is not controverted by an affidavit filed before the 11th day after the plea in abatement is filed, the suit is automatically abated without court order beginning on the 11th day after the date the plea in abatement is filed. TEX. INS. CODE §541.155(c); TEX. BUS. & COMM. CODE § 17.505(d).  If the motion to abate is

---

[1] *See Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996); *Nichols*, 2010 WL 1576694, at *3 (S.D. Tex. 2010) (abating case when Plaintiff failed to provide pre-suit notice); *In re Liberty Mut. Ins. Co.*, 2010 WL 1655492, at *6 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (mem. op.).

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

controverted by affidavit, and, after a hearing, the court finds the notice insufficient, there is no discretion – the court must abate the action.  *See* TEX. INS. CODE § 541.155(b); TEX. BUS. & COMM. CODE § 17.505(d).  The abatement continues until the 60th day after the date that written notice is served in compliance with Insurance Code section 541.154 and DTPA section 17.505(a).  TEX. INS. CODE § 541.155(d); TEX. BUS. & COMM. CODE §17.505(e).  State and federal courts in Texas routinely abate suits under the Texas Insurance Code or DTPA for failure to comply with the notice requirement.[2]

18.     As Plaintiff failed to provide the statutorily required notice prior to commencing this action, Defendant requests that this Court exercise its discretion and abate this suit until 60 days after Plaintiff provides sufficient notice of his damages, expenses and attorneys' fees incurred, the requested documentation regarding amount(s) spent on reasonable and necessary repairs, a description of the alleged damages, and the bases for his causes of action under the Insurance Code.

## CONCLUSION AND PRAYER

19.     WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this action be abated in its entirety until 60 days after Plaintiff serves adequate notice of its claims under the Texas Insurance Code chapter 541, which would include providing Defendant with documentation establishing that a storm event occurred on the date as reported, any amounts are owed for covered repairs, as well as the specific amount alleged to be owed for economic damages and amounts incurred for reasonable and necessary attorneys' fees, and, if no adequate notice is served on Defendant within 30 days of the abatement inception, Defendant asks the Court to dismiss Plaintiff's Chapter 541 and DTPA claims without prejudice to allow

---

[2] *See, e.g., Nichols*, 2010 WL 1576694 at *3; *In re Liberty Mut.*, 2010 WL 1655492 at *6; *Encore Bank v. ACE Am. Ins. Co.*, 2009 WL 1396130 at *2 (S.D. Tex. 2009); *In re Behr*, 2006 WL 468001 at *3 (Tex. App.—San Antonio 2006, no pet.) (mem. op., not designated for pub.); *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, 2005 WL 1586994 at *1 (W.D. Tex. 2005).

DEFENDANT'S ORIGINAL ANSWER – PAGE 7

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

the parties to proceed with resolving this dispute pursuant to the terms of the agreement between the Parties—the Policy.

20.     Defendant further prays that Plaintiff be ordered to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims for alleged breach of contract, bad faith, and alleged violations of the Insurance Code and DTPA, as well as the maximum alleged damages related thereto. Defendant further prays that Plaintiff take nothing on its claims against Defendant, that Scottsdale recover its costs herein, and that it receive such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ D. Christene Wood*
      **D. Christene Wood**
      State Bar No. 24042188
      **George H. Arnold**
      State Bar No.:  00783559
      **Susan Sparks Usery**
      State Bar No.:  18880100
      One Riverway, Suite 1400
      Houston, Texas  77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299
      E-mail:  cwood@thompsoncoe.com
      E-mail:  garnold@thompsoncoe.com
      E-mail:  susery@thompsoncoe.com

      **ATTORNEYS FOR DEFENDANT
      SCOTTSDALE INSURANCE COMPANY**

2813168v1
04805.336

Exhibit A

Electronically Submitted
9/5/2017 12:36 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 5th day of September 2017, a true and correct copy of the foregoing document was delivered to all counsel of record, via the Court's ECF notification system, in accordance with the Texas Rules of Civil Procedure:

Doug Pennebaker
PENNEBAKER LAW FIRM
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
***Attorneys for Plaintiff***

*/s/ D. Christene Wood*_____
D. Christene Wood